IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARK D. MCGILLIVRAY and <br> J.D. ROBERTSON, *Trustee*, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., *as mortgage servicer*; BANK OF AMERICA, N.A., *as mortgagee*; and MCCARTHY HOLTHUS-TEXAS, LLP; <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | 1:18-CV-942-RP |

**ORDER**

Before the Court is Defendant Bank of America, N.A.'s ("Bank of America") motion to dismiss. (Dkt. 5). Plaintiffs Mark D. McGillivray ("McGillivray") and J.D. Robertson ("Robertson") (collectively, "Plaintiffs") have not responded to the motion.[1] Having considered the motion, the record, and the relevant law, the Court finds that the motion should be granted.

Federal courts have the authority to dismiss a complaint for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962); Fed. R. Civ. P. 41(b) (permitting a court to dismiss an action if the plaintiff "fails to prosecute or to comply with . . . a court order"). Although granted expressly by Rule 41(b), this power is one inherent in the courts, and a court may exercise it *sua sponte*, with or without notice to the parties. *See Gonzales v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980); *Rogers v. Kroger Co.*, 669 F.2d 317, 319 (5th Cir. 1982). Further, "[t]he authority of a federal trial court to dismiss a plaintiff's action *with prejudice* because of his failure to prosecute

---

[1] Because Plaintiffs failed to respond to the motion, the Court may consider it as unopposed. *See* W.D. Tex. Loc. R. CV-7(e)(2) (requiring party opposed to a dispositive motion to respond within 14 days and allowing a district court to grant the motion as unopposed if no timely response is filed). The Court may not, however, invoke a local rule to automatically grant an unopposed motion that is dispositive of the litigation. *See John v. Louisiana Bd. of Trs. for State Colls. & Univs.*, 757 F.2d 698, 707–10 (5th Cir. 1985).

1

cannot seriously be doubted." *Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir. 1970) (quoting *Link*, 370 U.S. at 629) (emphasis added). This power may be invoked when necessary "to prevent undue delays in the disposition of a pending case, to avoid congestion in the court's docket, and to maintain the orderly administration of justice. *See id.*; *Gonzales*, 610 F.2d at 247. Dismissal with prejudice is only appropriate, however, when there is a "clear record of delay or contumacious conduct by the plaintiff" and if "lesser sanctions would not serve the best interests of justice." *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (internal quotation marks and citation omitted). In determining whether these two requirements are met, the court considers "all of the circumstances of the case, and not just the culminating incident." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967).

This is a foreclosure case. Mark and Denise McGillivray bought a house (the "Property") in 1999 with a loan (the "Loan") from Countrywide Home Loans, Inc. ("Countrywide"), which was assigned to Bank of America in 2010. (Promissory Note, Ex. A, Dkt. 5-1; Deed of Trust, Ex. B, Dkt. 5-2; Assignment, Ex. S, Dkt. 5-3).[2] Defendants assert, and Plaintiffs do not dispute, that the McGillivrays have not submitted a single payment on the Loan in over 14 years. (Mot., Dkt. 5, at 16). Instead, the McGillivrays have repeatedly initiated litigation for the purpose of forestalling making payments on the Loan. In 2002, Mark McGillivray filed for Chapter 13 bankruptcy protection in the United States Bankruptcy Court for the Western District of Texas, but his case was dismissed because he failed to file schedules, statements of affairs, or a plan. (Bankruptcy Order, Ex. G, Dkt. 5-7, at 2–3). In 2003, Denise McGillivray filed for Chapter 13 bankruptcy protection in the

---

[2] A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (citing Fed. R. Evid. 201(b)). "[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). The Court takes judicial notice of Bank of America's Exhibits referenced in this order because they are all matters of public record relevant to the instant dispute. *Funk*, 631 F.3d at 783.

same court; her case was similarly dismissed for failure to file a plan. (*Id.* at 3). Later in 2003, Denise McGillivray again filed for Chapter 13 bankruptcy protection in the same court, and again her case was dismissed for failure to file a plan. (*Id.*). And in 2004, Mark McGillivray filed another petition seeking Chapter 13 bankruptcy protection in the same court, and his case was likewise dismissed because he did not file a plan. (*Id.*).

In this last bankruptcy case, the court expressly determined that McGillivray "had no need for Chapter 13 protection." (*Id.* at 4). Rather, McGillivray and his wife had "shown a history of taking turns in filing pro se Chapter 13 cases over the past 2-1/2 years in order to stall Countrywide's collection efforts" on the Loan. (*Id.* at 6). The court further found that it was "clear that [McGillivray] simply wants to litigate the issue of Countrywide's lien on the homestead in Bankruptcy Court because it is here that he gets a free injunction against foreclosure while the litigation is pending." (*Id.* at 5). The court concluded that it "should not be wasting its time" on McGillivray's dispute because "there [was] no legitimate bankruptcy issue here at all." (*Id.* at 6). Accordingly, the court dismissed McGillivray's bankruptcy petition with prejudice and barred him and his wife from refiling for bankruptcy protection for one year. (*Id.* at 6–7).

McGillivray then began filing suit in state court and in this Court. In 2005, he sued Countrywide, Mary A. Daffin, and John Does 1–20 for 24 enumerated causes of action. (2005 Action, Ex. H, Dkt. 5-8, at 5–22). As with his bankruptcy petitions, McGillivray requested injunctive relief preventing foreclosure. (*Id.* at 20–22). After filing his third amended complaint, McGillivray had named as defendants Ocwen Federal Bank, FSB, and Ocwen Loan Servicing, LLC ("Ocwen"); Countrywide; and Gregory T. Pratt ("Pratt"); and dismissed one named defendant and 50 Doe defendants. (D. Ct. Final J., Ex. P, Dkt. 5-16, at 2). Ocwen and Countrywide each moved for summary judgment, and the district court judge referred those motions to a magistrate judge for a report and recommendation. (Order on R. & R., Ex. O, Dkt. 5-15, at 2). On April 16, 2008, the

Court granted Ocwen's and Countrywide's motions, noting that McGillivray had failed to timely object to the magistrate judge's report and recommendation. (*Id.* at 4–5). On May 19, 2008, the Court dismissed McGillivray's action "for lack of prosecution" and rendered final judgment against him because he had "failed to comply with the Western District of Texas Local Rules and orders of the Court." (Order Denying Rule 59 Mot., Ex. Q, Dkt. 5-17, at 2; *see* Ex. P, Dkt. 5-16, at 3). McGillivray then moved to set aside and/or modify the final judgment against him. (*See* Ex. Q, Dkt. 5-17, at 2). The Court denied this motion, noting that "McGillivray's desire to investigate new evidence on the eve of trial highlights his flouting of the Court's scheduling order and his failure to adequately prepare for and prosecute his case throughout the three years it has been pending in this Court." (*Id.* at 3 n.1). The Fifth Circuit affirmed the Court's summary judgment order in 2010, recognizing that "McGillivray not only failed to make required disclosures in a timely manner, but also failed to remedy his noncompliance after the court had admonished him." (5th Cir. Order, Ex. R, Dkt. 5-18, at 9). The Fifth Circuit held that the Court's dismissal of McGillivray's suit against Pratt was not an abuse of discretion due to the Court's determination "that it would be manifestly unjust to require Pratt to proceed to trial given McGillivray's ongoing refusal to comply with the local rules and the court's orders." (*Id.*).

Subsequently, after acquiring title to the Property, Bank of America attempted to initiate foreclosure proceedings. McGillivray brought suit in state court in 2015 challenging Bank of America's foreclosure attempt; Bank of America removed the case to this Court; and in 2016 the Court dismissed McGillivray's suit. It did so because "[t]he parties failed to respond to the magistrate judge's order" to submit a joint proposed scheduling order, and McGillivray additionally failed to file a response to the magistrate judge's order that he show cause why his case should not be dismissed for want of prosecution. (2016 Dismissal Order, Ex. W, Dkt. 5-23, at 2). Later that year, McGillivray filed suit in state court again when, once more, a foreclosure sale became

imminent. After Bank of America moved for summary judgment, McGillivray filed a notice of nonsuit voluntarily dismissing his claims without prejudice. (Not. Nonsuit, Ex. X, Dkt. 5-24, at 2). Just under a year later, McGillivray brought the instant suit.

In light of these facts, the Court finds that the circumstances of this case justify dismissing Plaintiffs' claims with prejudice. For nearly 17 years (since November 2002), McGillivray has filed actions delaying the foreclosure of the Property but has neglected to prosecute his claims. In four separate cases over two and one-half years, the Bankruptcy Court for the Western District of Texas dismissed the McGillivrays' actions because they failed to file required documents. (Ex. G, Dkt. 5-7, at 2–3). In denying the fourth suit, the court determined that the McGillivrays had no need for Chapter 13 bankruptcy protection, that their misuse of Chapter 13 should not be allowed, and that it was a waste of the court's time to continue adjudicating their dispute. (*Id.* at 4–6). This Court dismissed McGillivray's next suit—the fifth one—because he had failed to comply with deadlines in the Local Rules, had "flout[ed]" the Court's scheduling order, and had failed to adequately prosecute his case for the three years that it was pending. (Ex. Q, Dkt. 5-17, at 2, 3 n.1). McGillivray's sixth suit was likewise dismissed because he failed to respond to an order to show cause as to why his case should not be dismissed for want of prosecution—an order issued because he yet again failed to comply with deadlines set by the Local Rules. (2016 Dismissal Order, Ex. W, Dkt. 5-23, at 2).[3] Now in the instant case, Defendants' motion to dismiss has been pending for over five months. McGillivray has not responded to Defendants' motion or participated in this litigation whatsoever since it was removed to this Court. The Court is therefore persuaded that "all the circumstances of this case" warrant dismissing this action with prejudice. *Durham*, 385 F.2d at 368.

---

[3] Because McGillivray voluntarily dismissed his seventh suit in state court, the record does not reflect whether he diligently prosecuted his claims there. Even if he did, such a finding would not change the Court's analysis, as it would not weigh significantly against the clear record of delay discussed in this Order.

The Court further finds that a lesser sanction is not in the best interests of justice. McGillivray has now hauled Bank of America into court three times. He failed to prosecute his claims against them the first time and voluntarily dismissed his claims the second time only to bring suit again this third time. Consistent with the past 17 years of delay and failure to prosecute his claims, McGillivray has failed to participate in this litigation since its removal and has violated deadlines provided in the Local Rules. Meanwhile, he has still not submitted a single payment on the Loan. The dilatory tactics must end.

For these reasons, the Court **GRANTS** Defendants' motion to dismiss. (Dkt. 5). All of McGillivray's claims in this action are **DISMISSED WITH PREJUDICE**.

Additionally, the Court expressly warns McGillivray that continued dilatory tactics through the court system will result in severe monetary sanctions.

**SIGNED** on May 29, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE